RECEIVED
IN ALEXANDRIA, LA

JAN - 4 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CHARLES LOVE<br>LA. DOC #210299<br>VS. | CIVIL ACTION NO. 09-0807<br>SECTION P<br>JUDGE DRELL |
| WARDEN TERRY TERRELL | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se petitioner Charles Love filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on May 14, 2009. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He attacks his 2002 convictions on drug trafficking charges and sentences totaling 20 years imposed by the Ninth Judicial District Court, Rapides Parish, Louisiana in the case bearing Docket Number 260,147 of that Court. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

For the following reasons it is recommended that the petition be considered second and successive and **TRANSFERRED** to the United States Fifth Circuit Court of Appeals for further proceedings pursuant to 28 U.S.C. §2244(b)(3)(A).

### *Background*

Petitioner was charged with various felony drug offenses. On

February 22, 2002 he was convicted and on May 20, 2002 he was sentenced to serve 20 years at hard labor in the matter entitled State of Louisiana v. Charles Love, No. 260,147 of the Ninth Judicial District Court, Rapides Parish. [rec. doc. 1, ¶¶1-5]

On January 11, 2007 petitioner filed a petition for *habeas corpus* in this Court attacking that same conviction and alleging that the foreman of the Rapides Parish Grand Jury which indicted him was selected in a discriminatory manner. [See Charles Love, Sr. vs. Warden Charles Johnson, Jr., Civil Action No. 1:07-cv-0085 at rec. doc. 1, ¶¶1-5; rec. doc. 1-3]

On July 20, 2007, the undersigned authored a Report recommending dismissal of the *habeas corpus* petition with prejudice as both procedurally defaulted, and, on the merits. [Civil Action No. 1:07-cv-0085 at rec. doc. 9]

On August 14, 2007, the Court adopted the Report and Recommendation and ordered that the petition be "... dismissed with prejudice because federal *habeas corpus* review ... is barred by the procedural default doctrine and because his claim is clearly and manifestly without merit." [Civil Action No. 1:07-cv-0085 at rec. doc. 11]

Petitioner's request for a Certificate of Appealability (COA) was denied by the District Court on January 8, 2008. [Civil Action No. 1:07-cv-0085 at rec. doc. 20]

Petitioner's appeal to the United States Fifth Circuit Court

2

of Appeals was dismissed for want of prosecution on March 28, 2008. <u>Charles Ray Love, Sr. vs. Charles Johnson, Jr., Warden</u>, No. 07-30764. [see Civil Action No. 1:07-cv-0085 at rec. doc. 22]

Thereafter, petitioner's motion for reconsideration [Civil Action No. 1:07-cv-0085 at rec. doc. 25] was denied on August 5, 2008 [Civil Action No. 1:07-cv-0085 at rec. doc. 26], and his subsequent request for a COA was denied on August 25, 2008. [Civil Action No. 1:07-cv-0085 at rec. docs. 28-29]

On June 15, 2009, the United States Fifth Circuit Court of Appeals denied petitioner's request for COA. <u>Charles Ray Love, Sr. vs. Charles Johnson, Jr., Warden</u>, No. 08-30926. [<u>Charles Ray Love, Sr. vs. Charles Johnson, Jr., Warden</u>, No. 32]

As noted above, petitioner filed the instant petition on May 14, 2009. He attacked the same conviction alleging that he was denied the right to a direct appeal. [1:09-cv-0807 at rec. doc.1, ¶12]

### Law and Analysis

This is the second *habeas corpus* petition filed by the petitioner. A *habeas corpus* petition is not second or successive simply because it follows an earlier federal petition; the later petition is successive when it: "(1) <u>raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition</u>; or (2) otherwise constitutes an abuse of the writ." <u>In re Cain</u>, 137 F.3d 234, 235 (5th Cir.1998).

"[A]n application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." Graham v. Johnson, 168 F.3d 762, 774 fn. 7 (5th Cir.1999) citing Felker v. Turpin, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).

Petitioner's first *habeas corpus,* Civil Action 1:07-cv-0085, was dismissed with prejudice because petitioner's claim was both procedurally defaulted and without merit. Thus, this second petition, which attacks the same conviction, must be considered "second or successive" and pursuant to 28 U.S.C.§ 2244(b)(3)(A),[1] petitioner must first obtain authorization from the Fifth Circuit before it may be considered by this court. Petitioner has not yet received such authorization. Until such time as petitioner obtains authorization, this court is without jurisdiction to proceed. Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir.1999); United States v. Key, 205 F.3d 773, 774 (5th Cir .2000); Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir.2003).

In re Epps, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is

---

[1] Title 28 U.S.C.§ 2244(b)(3)(A) provides in part, "[b]efore a second or successive application permitted by this section [§ 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

appropriate. Epps does not mandate the transfer of successive *habeas corpus* petitions to the Fifth Circuit; it does, however, imply that transfer may be appropriate in some cases, and it adopts a procedure to be used when a successive petition filed without prior authorization is transferred to the court of appeals by the district court. *Id.* Transfer of this case is appropriate and authorized by 28 U.S.C. §1631.[2]

Therefore,

**IT IS RECOMMENDED** that the petition for writ of *habeas* be deemed a successive *habeas corpus* petition and that it be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation fourteen (14)days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

---

[2] Title 28 U.S.C. §1631 provides, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred..."

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Alexandria, Louisiana

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE